**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KAYSHA DERY RICHARDSON,<br><br>　　　　　　　　　　Petitioner<br><br>　v.<br><br>ATTORNEY GENERAL of the UNITED STATES, *et al.*,<br><br>　　　　　　　　　　Respondents | Case No. 2:20-cv-02218-JAD-DJA<br><br>**Order Dismissing Habeas Petition**<br><br>[ECF No. 1] |

　　　　Immigration detainee Kaysha Dery Richardson petitions for a writ of habeas corpus under 28 U.S.C. § 2241,[1] seeking review of her immigration proceedings. On initial review under the Rules Governing Section 2254 Cases,[2] I find that her petition is plagued by jurisdictional defects, so I dismiss the petition without prejudice.

### Background[3]

　　　　Richardson is a citizen of Canada with Métis indigenous heritage.[4] She filed the petition on December 8, 2020, to challenge her continued detention at the Nevada Southern Detention Center in Pahrump, Nevada.[5] Upon entry to the United States, on October 1, 2020, she was detained by the U.S. Immigration and Customs Enforcement division of the Department of Homeland Security ("DHS"). Richardson then filed an application for asylum or withholding from removal based on her race, religion, and political position. An asylum officer interviewed her and determined that she did not establish a credible fear of persecution.[6] The petition alleges

---

[1] ECF No. 1. Petitioner paid the $5.00 filing fee when filing the petition. ECF No. 1-8.

[2] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[3] This procedural history is derived from Richardson's allegations and exhibits.

[4] The Canadian government recognizes the Métis as a distinct indigenous people. *See First Nations People, Métis and Inuit in Canada: Diverse and Growing Populations*, Statistics Canada (Mar. 20, 2018), https://www150.statcan.gc.ca/n1/pub/89-659-x/89-659-x2018001-eng.htm.

[5] Richardson did not sign the petition herself. Instead, it was signed and submitted by "her advocate 'any person' Robert Cannon." *See* ECF No. 1 at 10.

[6] *Id.* at 93–97.

that the asylum officer refused to consider evidence she provided and failed to examine all relevant considerations. She appealed the negative finding of credible fear to an immigration judge ("IJ"), but no decision was issued by the time her petition was filed.[7]

Richardson alleges that the petition arises under the United States Constitution, the Immigration and Nationality Act ("INA"),[8] the United Nations Convention Against Torture, and the United Nations Refugee Convention. She claims that her detention is arbitrary, unlawful, and violates the Fourth, Fifth, and Eighth Amendments. In the prayer for relief, Richardson asks the court to assume jurisdiction over this matter, order respondents to release her on her own recognizance, and grant any other relief deemed proper for both her and "her advocate 'any person' Robert Cannon."[9]

I take judicial notice of the status of the proceedings in Richardson's immigration case before the Las Vegas Immigration Court.[10] On December 17, 2020, the IJ affirmed DHS's decision regarding asylum or withholding from removal. Richardson has yet to appeal that decision to the Board of Immigration Appeals ("BIA") or file a petition for review in the United States Court of Appeals for the Ninth Circuit,[11] and no future hearings are currently scheduled.

## Discussion

As an initial matter, I find that the petition was improperly submitted by Robert Cannon as Richardson's "advocate 'any person.'"[12] *Pro se* parties may not pursue claims on behalf of

---

[7] ECF No. 1 at 4 ("It has been forty-three (43) days since the credible fear of persecution interview and the Petitioner has had no review of determination by an immigration judge and no guarantee that she ever will.").

[8] 8 U.S.C. § 1101 *et seq*.

[9] ECF No. 1 at 10.

[10] *See, e.g.*, *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (courts may take "judicial notice of the agency's own records") (citing *Lising v. I.N.S.*, 124 F.3d 996, 999 (9th Cir. 1997)). Automated case information may be accessed online at https://portal.eoir.justice.gov/InfoSystem/Form?Language=EN.

[11] I also take judicial notice of the Ninth Circuit's online docket records. *See Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012). The Ninth Circuit's docket records may be accessed at www.pacer.gov. As explained in this order, the Ninth Circuit has exclusive jurisdiction over any petition for review arising from the Las Vegas Immigration Court.

[12] ECF No. 1 at 10.

others in a representative capacity.[13] Only a licensed attorney—an active member of the State Bar of Nevada admitted to practice under the Nevada Supreme Court Rules— is authorized to represent a client in Nevada.[14] In federal courts, "the parties may plead and conduct their own cases *personally or by counsel*."[15] No rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity.[16] Cannon will not be permitted to engage in the unauthorized practice of law by purporting to represent or act on behalf of Richardson. Moving forward, Cannon is prohibited from submitting documents on Richardson's behalf, and Richardson must plead and conduct her own case personally.

Turning to initial review, Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.[17] This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false,[18] or plagued by procedural defects.[19] Federal district courts may grant a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."[20]

But Congress has restricted judicial review of immigration matters.[21] To accomplish "streamlined judicial review," the REAL ID Act of 2005[22] eliminated the district courts' "habeas

---

[13] *See, e.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 665 (9th Cir. 2008) (collecting cases); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.").

[14] *Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000) (citing NRS 7.285); *Martinez v. Eighth Jud. Dist. Ct.*, 729 P.2d 487, 488 (Nev. 1986) (an individual "has no right to be represented by an agent other than counsel in a court of law").

[15] 28 U.S.C. § 1654 (emphasis added).

[16] *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 596 (D. Nev. 2011).

[17] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

[18] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[19] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

[20] 28 U.S.C. § 2241(c)(3).

[21] *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005); *see also* 8 U.S.C. § 1252(a)(5) (notwithstanding § 2241 or any other habeas provision, "a petition for review filed with an appropriate court of appeals … shall be the sole and exclusive means for judicial review of an order of removal").

[22] Pub. L. No. 109-13 Div. B, 119 Stat. 231.

jurisdiction, including jurisdiction under 28 U.S.C. § 2241, over final orders of deportation, exclusion, or removal" and made "the circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal."[23]  In addition, matters involving the Attorney General's "discretionary judgment" are generally precluded from judicial review.[24]  Dismissal of a § 2241 petition is appropriate where the petition challenges orders of deportation, exclusion, or removal.[25]

District courts retain narrow habeas jurisdiction to review "bond hearing determinations for constitutional claims and legal error" following administrative exhaustion.[26]  The Ninth Circuit has outlined the proper procedure for challenging immigration bond determinations.[27]  Once a non-citizen has received a bond hearing before an IJ, she may appeal the IJ's decision to the BIA.[28]  If the non-citizen "is dissatisfied with the BIA's decision, [s]he may then file a habeas petition in the district court, challenging continued detention."[29]  The district court's decision on the habeas petition may be appealed to the Ninth Circuit.[30]  In a case by non-citizen who does not follow this course and thus fails to exhaust administrative remedies before pursuing habeas relief, "a district court should ordinarily dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted administrative remedies, unless

---

[23] *Alvarez-Barajas*, 418 F.3d at 1052.

[24] *See* 8 U.S.C. § 1252(g).  The INA explicitly exempts asylum determinations from the jurisdictional bar over discretionary decisions, but judicial review occurs in the courts of appeal—not in the district court on a § 2241 habeas petition. *Morales v. Gonzales*, 478 F.3d 972, 979 (9th Cir. 2007) (citing 8 U.S.C. § 1252(a)(2)(B)(ii)), *abrogated on other grounds as stated by Anaya-Ortiz v. Holder*, 594 F.3d 673, 678 (9th Cir. 2010).

[25] *Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006).

[26] *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

[27] *Leonardo v. Crawford*, 646 F.3d 1157, 1159 (9th Cir. 2011) (citing *Casas-Castrillon v. Dep't of Homeland Security*, 535 F.3d 942 (9th Cir. 2008)).

[28] *Id.*

[29] *Id.*

[30] *Id.*

exhaustion is excused."[31]  This exhaustion requirement is subject to waiver in certain instances[32] but is "ordinarily not optional."[33]

Richardson's petition does not clearly allege whether she seeks to challenge a removal order, denial of asylum and withholding from removal, indefinite detention, or a bond determination.[34]  However, jurisdiction is not proper for any such challenge.  The Ninth Circuit is the sole judicial body with jurisdiction to entertain a petition for review addressing removal, withholding of removal, or asylum.  Although this court has jurisdiction to the extent Richardson seeks review of a bond determination, the petition does not allege or demonstrate administrative exhaustion, *i.e.*, that Richardson moved for bond in the Las Vegas Immigration Court, an IJ issued a decision, Richardson appealed the IJ's decision to the BIA, and the BIA issued a decision.  Instead, the petition and exhibits indicate that Richardson sought review of the asylum officer's negative credible-fear determination.  This was insufficient to exhaust any detention or bond claims.[35]  Richardson may not pursue habeas relief regarding detention or bond until both an IJ and the BIA have considered her claims.  The petition does not seek waiver of exhaustion, nor does the record demonstrate that waiver is appropriate.  Accordingly, I dismiss the petition without prejudice.

## Conclusion

IT IS THEREFORE ORDERED that:

1. Petitioner Kaysha Dery Richardson's Petition for Writ of Habeas Corpus **[ECF No. 1] is DISMISSED without prejudice**.

2. **A certificate of appealability is DENIED**, as jurists of reason would not find dismissal

---

[31] *Id.* at 1160 (noting that a § 2241 petition may be properly pursued "[o]nce the BIA render[s] its decision"); *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (habeas jurisdiction under "§ 2241 is ordinarily reserved for instances in which no other judicial remedy is available") (citation omitted).
[32] *Hernandez v. Sessions*, 872 F.3d 976, 988–89 (9th Cir. 2017).
[33] *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001).
[34] *See generally* ECF No. 1.
[35] *See Leonardo*, 646 F.3d at 1160 (citing *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) (a petitioner "must exhaust administrative remedies before raising . . . constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal")).

of the petition to be debatable or wrong.

3. Robert Cannon is prohibited from submitting any future documents on Richardson's behalf, and Richardson must sign and submit any future documents personally.

IT IS FURTHER ORDERED that the Clerk of Court is instructed to:

1. MAIL a copy of this order to:

    a. Kaysha Dery Richardson
       Nevada Southern Detention Center
       2190 East Mesquite Avenue
       Pahrump, Nevada 89060

    b. Robert Cannon
       1102 Ave. L North
       Saskatoon, Canada S7L 2S1

2. UPDATE the docket to reflect the Nevada Southern Detention Center as Richardson's current address.

3. ENTER FINAL JUDGMENT dismissing this action, and CLOSE THIS CASE.

Dated: January 27, 2021

_____
U.S. District Judge Jennifer A. Dorsey